DURHAM FERTILIZER COMPANY v. W. P. BLACK et al.

*Practice—Case on Appeal—Dismissal—Error in Record—Judgment by Default at Return Term—Answer of One of Several Defendants.*

1. Where there is no case on appeal the judgment will be affirmed unless error appear on the face of the record.

2. Where the record showed a complaint stating a cause of action against all of the defendants, an answer purporting to be the answer of all the defendants and setting up a common defence, and a judgment at the return term reciting service of summons on the defendants and rendered against two of the defendants for failure to answer: *Held*, there was error on the face of the record.

APPEAL from a judgment rendered by *Armfield, J.,* in favor of the plaintiff against the defendants Eller and Roberts, in default of answer, at December Term, 1893, of BUNCOMBE Superior Court.

The action was upon a promissory note signed by all of

the defendants, and was brought to December Term, 1893, summons having been served on all the defendants. The defendant Black filed an answer purporting to be the answer of all the defendants, and the case was continued as to him. The defendants Eller and Roberts appealed. No case on appeal accompanied the record.

*Mr. James H. Merrimon,* for plaintiff.
*Mr. W. W. Jones,* for defendants (appellants).

MACRAE, J.: The plaintiff in this Court moves to affirm the judgment below because there is no "case" on appeal and no assignment of error, and it is entitled to this judgment if no errors appear on the face of the record. Clark's Code, p. 582, where many cases are cited.

On examination of the record we find a complaint duly verified and entitled of December Term, 1893, stating a cause of action against all of the defendants; a judgment final against defendants Eller and Roberts; an answer purporting to be the answer of *the defendants*, which answer sets up a valid defence, if proven, for all of the defendants, to-wit, a total failure of consideration for the note sued upon, and further, a "second defence by way of counter-claim," in which the defendant Black alleges damage to him by reason of a false warranty by plaintiff. There is also upon the record a notice of appeal by defendants Eller and Roberts in due form, indorsed "service accepted" by plaintiff's attorney. The record also contains copies of entries upon the minute docket: "Thirty days to file answer as to W. E. Weaver. Judgment stricken out as to Black." And entries upon the judgment docket of the judgment against Eller and Roberts and appeal by them. All of the entries appear to have been made at said December Term, 1893, of Buncombe Superior Court.

FERTILIZER COMPANY *v.* BLACK.

A judgment of the Court is presumed to be correct. Error must be shown or the judgment will be affirmed. But "in every case the Court may render such sentence, judgment and decree as on inspection of the whole record it shall appear to them ought in law to be rendered thereon." *The Code,* §957. The record shows an answer purporting to be the answer of *the defendants* and duly verified by one of them and entitled of the return term—the same term at which judgment was rendered. By section 207 of *The Code* the defendant has a right to answer at said return term of the summons.

The whole record is presumed to be true; here is a judgment reciting due service on these defendants and a failure to answer by the appellants, and here is an answer purporting to be that of the defendants, which means all of them, at the same term.

In the absence of any statement of the case upon the face of the record the judgment appears to be irregular. It may be that his Honor held that this answer was not the answer of the defendants against whom he rendered judgment. Upon its face it appears to be the answer of all, it is signed by an attorney and is verified by one of the defendants. It seems to be in accordance with law. Upon the face of the record the judgment was not warranted by law and must therefore be reversed.          Reversed.